**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Dennis Gray MORGAN,**
**Defendant-Appellant.**

**No. 87-1433**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Dec. 17, 1987.

Robert Ramos, El Paso, Tex., for defendant-appellant.

Le Roy Morgan Jahn, Asst. U.S. Atty., Helen M. Eversberg, U.S. Atty., San Antonio, Tex., Joel M. Gershowitz, Appellate Section, Crim. Div., Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before GEE, GARWOOD and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

On January 29, 1987, Morgan drove up to the Sierra Blanca checkpoint alone. Border Patrol agents told Morgan to open the car's trunk where they discovered over 200 pounds of marijuana.

The district court denied Morgan's motion to suppress the marijuana. Morgan and the prosecution stipulated that the district court could consider testimony given at the suppression hearing in deciding Morgan's guilt or innocence. At trial, Morgan stipulated that the car contained over 50 kilos of marijuana. Morgan pleaded not guilty to charges of conspiracy to distribute and possession with intent to distribute over 100 kilos of marijuana. The district court found Morgan guilty on both counts in violation of 21 U.S.C. §§ 841(a)(1), 846, and sentenced him to two consecutive three-year terms, suspending the second for probation. Morgan filed a timely notice of appeal.

*United States v. Jackson*, 825 F.2d 853, 854, 860–61 (5th Cir.1987) (*en banc*) ("*Jackson II*") held that the Sierra Blanca checkpoint is not the functional equivalent of a border, and therefore searches without probable cause at the checkpoint are unreasonable under the Fourth Amendment. Based on the exclusionary rule's primary purpose as explicated in *U.S. v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), however, this court specifically held

that the exclusionary rule should not apply to searches relying on Fifth Circuit law prior to *Jackson II*'s date, August 17, 1987. *Jackson II*, 825 F.2d at 865–66. Prior to that date, this court consistently held Sierra Blanca a functional equivalent of the border. *United States v. Jackson*, 807 F.2d 1185, 1189–90 (5th Cir.1986), *vacated by en banc rehearing, Jackson II ("Jackson I"); United States v. Dreyfus-de Campos*, 698 F.2d 227, 229 (5th Cir.), *cert. denied*, 461 U.S. 947, 103 S.Ct. 2128, 77 L.Ed. 2d 1306 (1983), *overruled, Jackson II; United States v. Luddington*, 589 F.2d 236, 241–42 (5th Cir.), *cert. denied*, 441 U.S. 936, 99 S.Ct. 2061, 60 L.Ed.2d 666 (1979), *overruled, Jackson II*. For that reason, searches for contraband at Sierra Blanca without probable cause were considered reasonable, valid searches under the Fourth Amendment. *United States v. Oyarzun*, 760 F.2d 570, 576 (5th Cir.1985), *overruled, Jackson II*. The exclusionary rule, therefore, does not require suppression of the fruits of the January search of the car Morgan drove, because the search occurred prior to *Jackson II*.

Morgan argues, however, that the good faith exception based on pre-*Jackson II* case law cannot be applied here. Citing no authority, he argues that to do so would cripple this nation's common law system of justice and thwart the exposure of constitutional violations by chilling a litigant's fervor to bring constitutional issues before our nation's courts. He also argues that the law before *Jackson II* was too unsettled to give rise to an objective good faith reliance. The *en banc* court rejected retroactive application of *Jackson II*, however, and we are bound by that decision. *See Jackson II*, 825 F.2d at 865–66; *Jackson I*, 807 F.2d at 1190; *Leon*, 468 U.S. at 918–25, 104 S.Ct. at 3418–21.

■ Morgan argues that the evidence was insufficient to convict him of conspiracy to distribute and possession with intent to distribute over 100 kilos of marijuana. This court should sustain the convictions if the district judge's findings are supported by any substantial evidence. *United States v. Jennings*, 726 F.2d 189, 190 (5th Cir.1984) (quoting *Gordon v. United States*, 438 F.2d 858, 868 n. 30 (5th Cir.), *cert. denied*, 404 U.S. 828, 92 S.Ct. 139, 30 L.Ed.2d 56 (1971)). The test is whether the evidence is sufficient to justify the trial judge, as the fact finder, in concluding that the defendant was guilty beyond a reasonable doubt. *Id.*

■ Morgan argues that the evidence was insufficient to find him guilty of conspiring to distribute and possessing with intent to distribute over 100 kilos of marijuana. He points out that although the government presented evidence indicating that the marijuana weighed close to 100 kilos, or 220.46 pounds, it stipulated that the marijuana was over 50 kilos, not 100. Because Morgan's sentence is less than the mandatory minimum penalty under 21 U.S. C. § 841(b)(1)(A)(vii) for violations involving over 100 kilos, however, it was not necessary that the quantity of marijuana exceed 100 kilos. *See United States v. McHugh*, 769 F.2d 860, 868 (1st Cir.1985).

Other circuits agree with *McHugh* that quantity is not an element of the crimes proscribed by §§ 841(a)(1) and 846 and need only be proved when the Government seeks an enhanced penalty. *United States v. Gibbs*, 813 F.2d 596, 598–601 (3rd Cir.), *cert. denied*, —— U.S. ——, 108 S.Ct. 83, 98 L.Ed.2d 45 (1987); *United States v. Normandeau*, 800 F.2d 953, 956 (9th Cir.1986); *United States v. Simmons*, 725 F.2d 641, 643–44 (11th Cir.), *cert. denied*, 469 U.S. 827, 105 S.Ct. 108, 83 L.Ed.2d 52 (1984); *United States v. Estell*, 539 F.2d 697, 699 (10th Cir.), *cert. denied*, 429 U.S. 982, 97 S.Ct. 497, 50 L.Ed.2d 592 (1976); *United States v. Sims*, 529 F.2d 10, 11 (8th Cir. 1976). The legislative history also supports the *McHugh* view. H.R.Rep. No. 91–1444, 91st Cong., 2d Sess., *reprinted in* 1970 U.S.Code Cong. & Admin.News 4566, 4614. We join this position.

■ Morgan argues that the evidence was insufficient because the Border Patrol agent who testified could not recall at one point the date of the marijuana seizure. Morgan stipulated, however, that the seizure occurred January 29, 1987, and the agent so testified at one point. This evi-

dence was sufficient to establish the violation date.

Morgan finally asserts that the evidence was insufficient to establish all elements of his convictions. We agree that the evidence presented was insufficient to establish a conspiracy.

 In a drug conspiracy case, the Government must prove beyond a reasonable doubt that a conspiracy existed, that the accused knew of the conspiracy, and that he knowingly and voluntarily joined it. *United States v. Jackson,* 700 F.2d 181, 185 (5th Cir.), *cert. denied,* 464 U.S. 842, 104 S.Ct. 139, 78 L.Ed.2d 132 (1983). Under 21 U.S.C. § 846, the crucial element of a conspiracy is an agreement by two or more persons to commit a narcotics offense. *United States v. Ayala,* 643 F.2d 244, 248 (5th Cir.1981). It is the job of the Government to prove by substantial evidence that two or more persons agreed to violate the narcotics laws. *United States v. Glasgow,* 658 F.2d 1036, 1040 (5th Cir. 1981). The Government may prove this agreement by circumstantial evidence such as the conduct of the alleged participants or evidence of a scheme. *Ayala,* 643 F.2d at 248. The evidence, however, must show beyond a reasonable doubt that two or more persons came to a mutual understanding to try to violate the narcotics laws. *United States v. Williams–Hendricks,* 805 F.2d 496, 502 (5th Cir.1986).

The only evidence in the record was that the Border Patrol discovered over 200 pounds of marijuana in the car Morgan drove alone to Sierra Blanca. It takes at least two to tango for conspiracy purposes. Here, we have only a man, a car and a lot of contraband. Inanimate objects do not replace the need for co-conspirators, unless they prove that a conspiratorial scheme existed. Reluctantly, we determine that the quantity of contraband alone is insufficient to justify the district court's inference that Morgan, beyond a reasonable doubt, conspired with one or more other persons to distribute marijuana.

The judgment of the district court is AFFIRMED as to Count II and REVERSED as to Count I.