**UNITED STATES of America**

v.

**James E. BUSH, Defendant.**

**Crim. No. 92–78–NN.**

United States District Court,
E.D. Virginia,
Newport News Division.

Jan. 26, 1993.

---

Priscilla M. Lewis, Asst. U.S. Atty., Norfolk, VA, for plaintiff.

Martin A. Thomas, Norfolk, VA, for defendant.

## OPINION

DOUMAR, District Judge.

The issue before the Court is whether the Court must impose a statutory minimum sentence on a defendant who has pled guilty to a charge of conspiracy to distribute a specific amount of a controlled substance in excess of a statutory minimum quantity, when the Court has found that the total amount charged to the conspiracy was not properly attributable to that defendant and that the amount attributable is less than the statutory minimum. This Court finds that it does not have to impose such a minimum sentence.

For the reasons set forth below, this Court holds that, regardless of the amount set forth in the conspiracy indictment, a defendant in a conspiracy to distribute a controlled substance is liable only for the quantity of the controlled substance that he distributed, or for that quantity distributed or intended to be distributed by the conspiracy that was reasonably foreseeable by him.

## FACTUAL BACKGROUND

Defendant, James E. Bush, was named in a one-count criminal information which charged him with conspiring to distribute in excess of 100 kilograms of marijuana, a schedule I controlled substance, in violation of 21 U.S.C. § 846. On September 25, 1992, Bush entered a plea of guilty to the criminal information pursuant to a plea agreement. In that plea agreement, the government stated that, for the purpose of sentencing, it could attribute approximately ninety kilograms of marijuana to Bush. This Court withheld a finding of guilt pending the completion of a presentence investigation and report by the United States probation officer.

On December 22, 1992, this Court held a sentencing hearing during which the Court heard evidence from both sides, including testimony from the defendant. According to the information contained in the presentence report, the conspiracy to distribute marijuana in which Bush participated involved at least a dozen individuals. In her presentence investigation, the probation officer examined all statements made by co-conspirators and compared similar accounts of the co-conspirators' activities. The probation officer concluded the following:

Beginning in November 1987, Bush received marijuana twice per month from [a co-conspirator]. He received average quantities of three pounds per shipment during the harvest season. Bush received marijuana in this fashion from November 1987 to February 1988 (totalling 24 pounds during this four month period). During the next harvest season (September 1988 to February 1989), Bush did not receive any marijuana from [the co-conspirator]. From September 1989 to February 1990, he received marijuana from [co-conspirators] an average of twice per month usually in quantities of

five pounds per delivery (totalling 60 pounds during this six month harvest season). From September 1990 to December 1990, Bush did not obtain any marijuana. He last received marijuana in January 1991, during which he obtained approximately 10 pounds. Throughout his involvement in this conspiracy, Bush received a total of 94 pounds or 42.6 kilograms of marijuana from [co-conspirators].

The probation officer further found that Bush was a low-level distributor of marijuana. As such, he was the least culpable of the co-conspirators. In the presentence report, the probation officer found that Bush became involved in the conspiracy for the purpose of acquiring marijuana for his own use without cost, and that his involvement was not for monetary gain. The probation officer determined that, generally, Bush would receive from a co-conspirator portions of marijuana that remained after the co-conspirator had distributed larger quantities to other individuals.

Neither the government nor the defendant objected to the findings contained in the presentence report.[1] At the sentencing hearing, this Court accepted defendant's plea of guilty to conspiracy to violate 21 U.S.C. § 841(a). The Court adopted the findings of the presentence report and found that 42.6 kilograms of marijuana reasonably could be attributed to the defendant. The Court sentenced the defendant to a term of imprisonment of twenty-four months and a fine of $7000. The Court also imposed on the defendant a supervised release term of three years. As a condition of supervised release, the Court required defendant to perform eight hours of community service without compensation each month for the three-year term. The Court also directed defendant to provide to the probation office any requested financial information and to participate in a testing and treatment program for substance abuse, as directed by the probation officer.

## ANALYSIS

In this case, the criminal information charged the defendant under a conspiracy statute, 21 U.S.C. § 846, which reads: "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." The gravamen of the conspiracy offense is the agreement to undertake an unlawful activity prohibited by the chapter of the United States Code dealing with controlled substances. The underlying substantive offense determines the nature and the seriousness of that agreement.

For the conspiracy charged in this case, 21 U.S.C. § 841(a)(1) defines the underlying offense. Section 841(a)(1) makes it unlawful for any person knowingly or intentionally "to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." To establish a violation of this section, the government need only prove that (1) the defendant knowingly or intentionally possessed a controlled substance; (2) the defendant knew that the substance was a controlled substance; and (3) the defendant intended to distribute the controlled substance. Section 841(a) contains no references to any quantities of controlled substances.

References to quantity appear in § 841(b), which is entitled "Penalties," not in the § 841(a), which defines the offense. Section 841(b) enumerates minimum and maximum penalties for violations of § 841(a); the quantity of the controlled substance involved in an offense triggers the application of a particular penalty. For instance, § 841(b) establishes a minimum five-year term of imprisonment for violations of § 841(a) that involve "100 kilograms or more of a mixture or substance containing a detectable amount of marihuana." 21 U.S.C. § 841(b)(1)(B)(vii). The maximum term of imprisonment for such a

---

1. Initially, defendant objected to the probation officer's method of assessing the amount of marijuana attributed to the defendant. Defendant withdrew this objection at the sentencing hearing.

violation is forty years. *Id.* Pursuant to § 841(b)(1)(D), a violation of § 841(a) involving less than 50 kilograms of marihuana shall be punishable by a term of imprisonment of not more than five years.

■ Because the penalty portion is separate from the substantive offense portion of § 841, the amount of the controlled substance is immaterial to the determination of guilt; quantity becomes important only for the imposition of the penalty. *See United States v. Wood,* 834 F.2d 1382, 1388–90 (8th Cir.1987) (quantity is sentencing consideration, not element of substantive offense); *United States v. Morgan,* 835 F.2d 79, 81 (5th Cir.1987) (quantity is not an element of substantive offense; proof of quantity is necessary only for penalty purposes); *United States v. McHugh,* 769 F.2d 860, 868 (1st Cir.1985) (proof of quantity of a controlled substance is necessary only under penalty provisions of 21 U.S.C. § 841); *cf. United States v. Woods,* 568 F.2d 509, 512 (6th Cir.) (to be found guilty of possession of a controlled substance with intent to distribute in contravention of § 841(a)(1), evidence need not establish the precise amount alleged in the indictment), *cert. denied,* 435 U.S. 972, 98 S.Ct. 1614, 56 L.Ed.2d 64 (1978).

■ Thus, under the statutory scheme, once a violation of § 841(a)(1) is established, the court must determine the amount attributable to the defendant. The court then must consult § 841(b) to determine the applicable penalty. If the amount attributable to the defendant is equal to or greater than one of the triggering amounts of § 841(b), the statutory minimum penalty associated with that triggering amount applies to the defendant. If, however, the amount attributable to the defendant is less than the specified quantities of § 841(b), then the court must look to the Sentencing Guidelines to determine the defendant's sentence. Similarly, under the terms of § 846, a court would apply this analysis to determine the penalty for conspiring to violate § 841(a)(1).

In this case, the Court has found that an amount of 42.6 kilograms of marijuana was attributable to the defendant for his involvement in the conspiracy. The Court determined that it was not shown that the defendant could have reasonably foreseen that a greater amount might have been involved. Under § 841(b), 42.6 kilograms of marijuana does not trigger a minimum penalty; § 841(b) merely provides for a maximum penalty of five years for the intent to distribute this amount. Because the 42.6 kilograms attributable to Bush is less than any triggering amount, the Court must look to the Guidelines to determine the sentence.

■ Section 1B1.3 of the Sentencing Guidelines establishes the relevant conduct for determining the guideline range. In the case of a "jointly undertaken criminal activity," the defendant is accountable for the conduct of others that was both "(i) in furtherance of the jointly undertaken criminal activity; and (ii) reasonably foreseeable in connection with that criminal activity." U.S.S.G. § 1B1.3, application note 2 (1992).

Because a count may be worded broadly and include the conduct of many participants over a period of time, the scope of the criminal activity jointly undertaken by the defendant ... is not necessarily the same as the scope of the entire conspiracy, and hence relevant conduct is not necessarily the same for every participant. In order to determine the defendant's accountability for the conduct of others ..., the court must first determine the scope of the criminal activity the particular defendant agreed to jointly undertake (*i.e.,* the scope of the specific conduct and objectives embraced by the defendant's agreement). The conduct of others that was both in furtherance of, and reasonably foreseeable in connection with, the criminal activity jointly undertaken by the defendant is relevant conduct under this provision. The conduct of others that was not in furtherance of the criminal activity jointly undertaken by the defendant, or was not reasonably foreseeable in connection with that criminal activity, is not relevant conduct under this provision.

*Id.*

"[A] defendant who pleads guilty to a conspiracy charge is held accountable, for

purposes of determining his relevant conduct and the applicable guideline range, for all drug transactions that he was aware of or that he should have reasonably foreseen." *United States v. Guerrero*, 894 F.2d 261, 266 (7th Cir.1990); *see United States v. Richardson*, 939 F.2d 135 (4th Cir.1991) (relevant conduct is determined by what was reasonably foreseeable); *cf. United States v. Vinson*, 886 F.2d 740, 742 (4th Cir.1989) (determination of the foreseeability of the extent of the overall conspiracy is critical), *cert. denied* 493 U.S. 1062, 110 S.Ct. 878, 107 L.Ed.2d 961 (1990). Thus, defendants who were substantially involved in a conspiracy and knew or reasonably should have known of the entire quantity of the drugs handled by the conspiracy will be liable for all of the drugs involved in the conspiracy. *United States v. Edwards*, 945 F.2d 1387, 1394 (7th Cir. 1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1590, 118 L.Ed.2d 308 (1992). *See Vinson*, 886 F.2d 740 at 742.

The most relevant factor in determining the reasonable foreseeability of conduct engaged in by co-conspirators is the scope of the defendant's agreement with the other conspirators. *Edwards*, 945 F.2d at 1392. For a defendant to be held liable for the entire amount of a controlled substance involved during the course of the conspiracy, the government must do more than merely allege that the defendant entered into some aspect of the conspiracy. *United States v. Townsend*, 924 F.2d 1385, 1390 (7th Cir.1991). "Conspiracy liability cannot exceed the scope of a defendant's agreement to further criminal activity." *Edwards*, 945 F.2d at 1396. Thus, a court must consider the extent to which a larger drug enterprise is reasonably foreseeable to defendants whose involvement is limited to small or isolated transactions. *United States v. Mitchell*, 964 F.2d 454, 458 (5th Cir.1992); *Edwards*, 945 F.2d at 1394; *cf. Vinson*, 886 F.2d at 742 (indicating that, if defendant's criminal conduct was limited to purchasing controlled substance for his own use and it was not reasonably foreseeable that codefendants would sell many times that amount during the life of the

conspiracy, then defendant could not be attributed with the total amount).

The Sentencing Guidelines contain the following illustration, relevant to this case:

> Defendant P is a street-level drug dealer who knows of other street-level drug dealers in the same geographic area who sell the same type of drug as he sells. Defendant P and the other dealers share a common source of supply, but otherwise operate independently. Defendant P is not accountable for the quantities of drugs sold by the other street-level drug dealers because he is not engaged in a jointly undertaken criminal activity with them.

U.S.S.G. § 1B1.3, application note 2(c)(6) (1992). This illustration seems to demonstrate that a defendant in a drug conspiracy may not necessarily be accountable for the quantities of controlled substances distributed by others when those quantities were not reasonably foreseeable to the defendant.

In this case, the Court referred to the Guidelines to determine the penalty for conspiring to possess 42.6 kilograms of marijuana with intent to distribute. Pursuant to § 2D1.1(c)(12), the Court concluded that, for a quantity of marijuana of at least forty kilograms but less than sixty kilograms, the base offense level is twenty. On the basis of the defendant's acceptance of responsibility for his offense, the Court adjusted the offense level downward by three points to reach a total offense level of seventeen. The Court found that the defendant was in criminal history category I. For defendants in category I whose total offense level is seventeen, the applicable guideline range is a term of imprisonment of twenty-four to thirty months. Based on the applicable range, the Court sentenced the defendant to a term of imprisonment of twenty-four months.

## CONCLUSION

Time and time again this Court has charged juries that the amount of a controlled substance is immaterial to a finding of guilt with regard to a charge of distribution of a controlled substance. To hold

**1180**

now that the amount of a substance is material to the substantive offense might result in the government having to prove precisely the specified amount of the controlled substance. The courts generally have agreed that this requirement should not be imposed on the government, and that an ounce or a pound more or less is immaterial. What is true of the substantive offense is no less true for the conspiracy.

For the foregoing reasons, this Court HOLDS that, when the Court has found that an individual defendant could have reasonably foreseen involvement with only a smaller quantity of a controlled substance than that alleged in the charge, the Court need not impose a statutory minimum sentence that would apply if that defendant had known of or reasonably should have known of the total quantity that was charged to the entire conspiracy.

IT IS SO ORDERED.