United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 28, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 06-50369
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EUGENE BELL,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:05-CR-168-2
--------------------

Before JOLLY, GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Eugene Bell appeals the judgment of conviction and sentence for conspiracy to possess with intent to distribute more than 50 grams of crack cocaine in violation of 21 U.S.C. §§ 841(a), (b)(1)(A), 846. Finding no error, we affirm.

Bell's first argument is that there was insufficient evidence to establish that any substance in excess of the 10.5 grams that was subjected to laboratory analysis was the crack form of cocaine base. According to Bell, scientific evidence "has been required" to establish the identity of a controlled

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

substance. This argument is patently without merit. It is established that circumstantial evidence, supported by lay testimony, may be sufficient to establish the identity of a controlled substance, and we have expressly rejected the argument that scientific evidence is required. See United States v. Brown, 887 F.2d 537, 541 (5th Cir. 1989); see also United States v. Osgood, 794 F.2d 1087, 1095 (5th Cir. 1986). The cases on which Bell relies for the proposition that scientific evidence "has been required" do not support that proposition; each case simply held that expert testimony or scientific evidence was sufficient to establish the identity of a substance. See United States v. Butler, 988 F.2d 537, 542-43 (5th Cir. 1993); United States v. Lewis, 113 F.3d 487, 492 (3d Cir. 1997); United States v. Johnson, 12 F.3d 760, 765-66 (8th Cir. 1993).

There was ample circumstantial and lay evidence to show that the substance involved was crack cocaine. Lesia Samuels and Jessie Brooks both testified that they purchased crack from Bell; the price they paid was consistent with the going price of crack; there was evidence that on at least one occasion, Bell prepared crack consistent with testimony regarding how crack is prepared; Samuels obtained 12 cookies, consistent with crack preparation; and the 10.5 grams purchased by Samuels from Brooks was determined by testing to be crack cocaine. The jury was free to infer from all the evidence that Bell was involved in the sale of the crack form of cocaine base. See Brown, 887 F.2d at 542.

Bell's argument that the district court erred in attributing 168 grams of crack to him at sentencing in the absent of scientific testimony to establish the nature of the substance likewise fails. Bell did not raise this argument in the district court, confining his objection to the drug quantity determination rather than the identity of the substance. Accordingly, we review for plain error. See United States v. Garcia-Mendez, 420 F.3d 454, 456 (5th Cir. 2005), cert. denied, 126 S. Ct. 1398 (2006). For the same reasons set forth with respect to the evidence supporting the conviction, Bell's argument fails. No scientific evidence was required, and there was ample evidence to support a finding that the substance was crack.

In his final point of error, Bell argues that the application of the Sentencing Guidelines as advisory in light of United States v. Booker, 543 U.S. 220 (2005), violates his Sixth Amendment and Due Process rights and the Ex Post Facto Clause. Bell blue brief, 17-21. As Bell concedes, because he raises this issue for the first time on appeal, review is for plain error. Id. at 18; see United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005).

Bell's ex post facto and due process arguments are foreclosed by our decision in United States v. Austin, 432 F.3d 598, 599-600 (5th Cir. 2005). Further, as the district court properly applied the Guidelines as advisory, there was no Sixth Amendment violation. See Booker, 543 U.S. at 245, 259-60. Bell

concedes that Austin forecloses his challenge to the retroactive application of Booker but raises it to preserve it for possible review by the Supreme Court.

AFFIRMED.