# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 15, 2008

Charles R. Fulbruge III
Clerk

No. 07-41000

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JUAN BENITO VEDIA

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
(5:07-CR-612-1)

Before GARZA and DENNIS, Circuit Judges.[*]

PER CURIAM:[**]

Defendant-Appellant Juan Benito Vedia ("Vedia") appeals his conviction and sentence for possession with intent to distribute a quantity in excess of 500 grams of cocaine and for conspiracy to possess with intent to distribute a quantity in excess of 500 grams of cocaine. We AFFIRM Vedia's conviction and sentence for possession with intent to distribute a quantity in excess of 500

---

[*] One of the judges of the panel was unable to attend oral argument and did not participate in this decision. The case is being decided by a quorum. 28 U.S.C. § 46(d).

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

grams of cocaine, but, finding insufficient evidence to support Vedia's conviction for conspiracy to possess with intent to distribute a quantity in excess of 500 grams of cocaine, we REVERSE Vedia's conviction on that count and REMAND for entry of appropriate judgment and for recalculation of Vedia's monetary penalties.

## Factual and Procedural History

On April 3, 2007, Vedia, a truck driver, was driving his tractor-trailer north on I-35 near Laredo, Texas. When Vedia stopped at an immigration checkpoint, a canine alerted to the presence of drugs in a utility box behind the cab of his truck. United States Border Patrol Officer Phillip Sullivan ("Sullivan") instructed fellow United States Border Patrol Officer Lorenzo Ponce ("Ponce") to ask Vedia to exit his vehicle so they could inspect the box. Sullivan asked Vedia what was in the box, to which Vedia responded "I don't know." Sullivan then asked Vedia multiple times to open the box, and Vedia hesitated before complying. In the box were five bundles wrapped in black and containing cocaine. Vedia was arrested and charged on two counts: possession with intent to distribute cocaine and conspiracy to possess with intent to distribute cocaine. Vedia pleaded not guilty to both counts, and the case proceeded to a jury trial.

At the beginning of the trial, the Government and Vedia stipulated that on or about April 3, 2007 roughly 6.759 kilograms of cocaine were found in a compartment on Vedia's tractor, which he owned. Following this stipulation, the Government presented its case against Vedia primarily through the testimony of Border Patrol and Drug Enforcement Agency ("DEA") Officers.

The government first presented the testimony of Sullivan, who recounted the details leading to Vedia's arrest. Sullivan testified that after his canine alerted to the box on Vedia's tractor and Ponce asked Vedia to exit the tractor, Vedia claimed not to know what was in the box and was "really hesitant to comply" with Sullivan's three requests that he open the box. The government

next presented the testimony of Ponce, who corroborated Sullivan's testimony that Vedia hesitated to open the box despite three requests from Sullivan.

The Government also presented the testimony of DEA Agent Diaz ("Diaz"), who was recognized as an expert in the value of cocaine in Laredo and Dallas. Diaz testified that, based on the weight of the cocaine recovered from Vedia's tractor, the value was at least $55,000. Diaz also testified, in response to the prosecutor's questions, about the "business of drug trafficking," explaining that cocaine is usually produced in South America and comes into the United States from Mexico. When the prosecutor asked "is it fair to say that as the drugs are going north there are multiple people involved in the drug business and they have all got different jobs . . . ." and "is it fair to say that a person driving [the drugs] from Point A to Point B, the driver is going to be the person held responsible for the load . . . ," Diaz responded affirmatively to both questions.

Finally, the Government called Border Patrol Agent Flores ("Flores"), who testified that he arrested Vedia in 2001 at the same I-35 checkpoint involved in the current case. Flores described the events of the arrest: in 2001 Vedia was driving a tractor-trailer heading north, a canine alerted to Vedia's tractor, marijuana was found hidden inside the tractor, and Vedia was convicted of drug smuggling. At the conclusion of Flores's testimony, the district court admonished the jury that "the evidence [of Vedia's past conviction is] being presented not to establish that the defendant is guilty in this case, but that it may be considered in connection with some other issue such as the issue of knowledge."

Once the government rested, Vedia moved for acquittal, arguing that the Government had not proven all elements of the charges beyond a reasonable doubt. The district court denied the motion, finding there to be sufficient evidence to submit the case to the jury. Subsequently, Vedia presented his defense premised on the assertion that he had no knowledge of the drugs found

in his truck. Vedia testified that he was completely unaware of the cocaine in the box on his truck. Vedia also stated that he had never used the box in which the drugs were found and that he was unaware of what the box was intended to be used for, despite the fact that he had owned the tractor trailer for two years prior to the arrest.

Following Vedia's testimony, the defense rested and once again moved for acquittal, asserting that the Government had not proven Vedia's knowledge of the drugs. Once again the district court denied the motion, and the jury convicted Vedia on both counts.

During sentencing, the district court calculated Vedia's sentencing guidelines range and pursuant to U.S.S.G. § 3C1.1 increased his offense level by two levels for obstruction of justice. Though Vedia objected to this enhancement, the district court held it to be proper, finding "that the defendant did commit perjury, in particular that he testified that he did not know about the drugs here, that that was material to the case and that the jury found, based on their finding of guilty, that he did in fact have knowledge." The district court then sentenced Vedia to identical, concurrent terms of 142 months imprisonment for the two counts against him; this sentence fell within the guidelines range.

Vedia timely appealed his conviction and sentence, claiming 1) that the evidence was legally insufficient to support his conviction, 2) that the district court erred in allowing the government to introduce evidence of his past conviction for possession with intent to distribute marijuana, 3) that the district court erred in permitting "drug profiling" testimony from Diaz, and 4) that the district court erred in imposing a two-point upward sentencing adjustment under U.S.S.G. § 3C1.1 for obstruction of justice.

## Discussion

A. Sufficiency of the Evidence

Vedia claims that the evidence at trial was insufficient to support his two convictions.[1]  When reviewing for sufficiency of the evidence, we are "highly deferential to the verdict" and inquire "whether the evidence, when reviewed in the light most favorable to the government with all reasonable inferences and credibility choices made in support of a conviction, allows a rational fact finder to find every element of the offense beyond a reasonable doubt."  United States v. Harris, 293 F.3d 863, 869 (5th Cir. 2002) (quoting United States v. Asibor, 109 F.3d 1023, 1030 (5th Cir.1997)).  Applying this deferential standard to the record before us, we find the evidence sufficient to support Vedia's conviction for possession with intent to distribute cocaine but insufficient to support Vedia's conviction for conspiracy to possess with intent to distribute cocaine.

The elements of possession with intent to distribute cocaine are (1) knowing (2) possession of cocaine (3) with the intent to distribute.  See United States v. Gracia-Flores, 246 F.3d 451, 454 (5th Cir. 2001).  Vedia contends that the Government presented insufficient evidence to establish the first prong, viz., that Vedia's possession of the cocaine was "knowing," claiming that the cocaine found inside the unlocked, exterior utility box of his truck was placed there without his knowledge.  However, the jury found to the contrary, and the evidence is sufficient to support this conclusion.

"[P]roof that possession of contraband is knowing will usually depend on inference and circumstantial evidence. No single piece of circumstantial evidence need be conclusive when considered in isolation; the question, rather, is whether the evidence, when considered as a whole, provides a substantial basis for the jury to find that the defendant's possession was knowing."  United States v.

---

[1] Because he moved for a judgment of acquittal at the close of the Government's case and at the close of all the evidence, Vedia properly preserved his challenge to the sufficiency of the evidence for appellate review.  See United States v. Williams, 520 F.3d 414, 419-420 (5th Cir. 2008).

Miller, 146 F.3d 274, 280-81 (5th Cir. 1998) (citing United States v. Richardson, 848 F.2d 509, 514 (5th Cir. 1988)). Here, the evidence, taken as a whole, provides a substantial basis for the jury's finding that Vedia had knowledge of the cocaine. For example, the jury could have taken the evidence that Vedia hesitated to comply with repeated requests to open the box as a sign that he knew that it contained drugs. Likewise, the jury could have found incredible Vedia's testimony that he had owned the truck for two years but had never used the box, did not know what it was used for, and had never looked inside, and the jury could have construed such an "implausible" or "less-than-credible" explanation as circumstantial evidence of guilty knowledge. See, e.g., Ortega Reyna, 148 F.3d 540, 544 (5th Cir. 1998); United States v. Casilla, 20 F.3d 600, 606 (5th Cir. 1994); Diaz-Carreon, 915 F.2d 951, 955 (5th Cir. 1990). The jury could have also found that the value of the drugs being transported, here $55,000 worth of cocaine, indicated Vedia's knowledge of the contraband. See, e.g., United States v. Gamez-Gonzalez, 319 F.3d 695, 699 (5th Cir. 2003); United States v. Ramos-Garcia, 184 F.3d 463, 466 (5th Cir.1999). Finally, the jury could have inferred Vedia's knowledge of the cocaine based upon Vedia's prior conviction, under nearly identical circumstances, for possession with intent to distribute marijuana . Based on this collection of evidence, the jury could have reasonably found that Vedia had knowledge of the cocaine.

However, the evidence against Vedia is insufficient to support the conspiracy conviction. The essential elements of the conspiracy charge are (1) an agreement between two or more persons to violate the narcotics laws, (2) a defendant's knowledge of the agreement, and (3) his voluntary participation in that agreement. United States v. Misher, 99 F.3d 664, 667 (5th Cir. 1996). Though conspiracy may be proven through circumstantial evidence and a defendant may be convicted of conspiring with unknown persons, the government must produce some evidence that such alleged coconspirators exist.

See United States v. Hernandez-Palacios, 838 F.2d 1346, 1348-49 (5th Cir. 1988) ("In this case the four codefendants were acquitted of the conspiracy charge. While the indictment alleged that there were other unknown conspirators, the evidence does not support the existence of any agreement or of any other conspirators with whom an agreement might have been reached."). In fact, "[i]n comparable drug conspiracy cases where little to no evidence of other unknown coconspirators was presented, this Court has reversed the single purported conspirator's conspiracy conviction, even though affirming his conviction of the related substantive offense of possession with intent to distribute." United States v. Villasenor, 894 F.2d 1422, 1429 (5th Cir. 1990) (citing United States v. Onick, 889 F.2d 1425, 1432 (5th Cir. 1989); United States v. Hernandez-Palacios, 838 F.2d 1346, 1349 (5th Cir.1988); United States v. Morgan, 835 F.2d 79, 82 (5th Cir. 1987); United States v. Sheikh, 654 F.2d 1057, 1062-63 (5th Cir.1981), cert. denied, 455 U.S. 991 (1982)).[2]

Here, the government presented no evidence of any coconspirators. Thus, under the foregoing precedents, the evidence was insufficient to support Vedia's conspiracy conviction.

The government argues that Vedia's conspiracy conviction should stand because the jury could have inferred involvement of others based on the quantity and high value of the cocaine Vedia was carrying. For this proposition, the government cites United States v. Gutierrez-Farias, 294 F.3d 657, 661 (5th Cir. 2002). However, Gutierrez involved many facts not present here that allowed for the inference of coconspirators. In Gutierez, the defendant passed through a checkpoint while driving a pickup truck pulling a trailer carrying a tractor, which had marijuana hidden in its wheels. See id. at 659. Unlike the instant case where Vedia owned the vehicle he was driving, in Gutierrez the defendant

---

[2] Sheikh, 654 F.2d at 1057, was overruled on other grounds in United States v. Zuniga-Salinas, 952 F.2d 876 (5th Cir. 1992) (en banc).

owned neither the pickup truck nor the tractor, so the ownership of the vehicles indicated involvement of other parties. See id. at 661. Also, in Gutierrez the marijuana was hidden in the wheels of the tractor, which took several tools and the help of four men to remove, and the 23 bundles of marijuana removed from the tires weighed a total of 309 pounds. See id. at 659. The complex process and heavy work of hiding the marijuana in Gutierrez likely necessitated multiple conspirators, whereas the facts here, a manageable quantity of cocaine hidden in an easily accessible box, do not necessarily imply the hand of multiple parties.

In the instant case, the government offered no evidence of the existence of coconspirators and the facts are insufficient for a rational juror to infer the participation of others beyond a reasonable doubt, so the evidence cannot sufficiently support Vedia's conviction for conspiracy.

## B. Admission of Evidence of Vedia's Prior Drug Conviction

Vedia argues that the district court erred in admitting evidence of his 2001 conviction for possession with intent to distribute marijuana; however, the admission of this past conviction evidence, which was limited to demonstrating Vedia's knowledge that he was carrying cocaine, was proper under Federal Rule of Evidence 404(b). Under Rule 404(b), evidence of other crimes, wrongs, or acts is admissible "as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." U.S. v. Finley, 477 F.3d 250, 263 (5th Cir. 2007). This court reviews a district court's decision to admit Rule 404(b) evidence under a heightened abuse of discretion standard. See id. The admissibility of evidence under Rule 404(b) is analyzed in a two-step inquiry: first the extrinsic evidence must be relevant to an issue other than character and second the evidence must possess probative value that is not substantially outweighed by its potential for prejudice. Id.

Vedia concedes that the relevancy prong of this test is met but argues that the prejudicial effect of his past conviction outweighs its probative value.

Essentially Vedia argues that his prior conviction is not probative of his knowledge in this case because it is not similar enough to the facts of this conviction.

This court sitting en banc has held that the similarity between extrinsic and charged offenses is a factor that can demonstrate the probative value of extrinsic evidence. See United States v. Beechum, 528 F.2d 898, 914-15 (5th Cir. 1978) (en banc). Here, the facts of the extrinsic and charged offenses are nearly identical. In both instances, Vedia picked up his legitimate load and traveled en route to Dallas via the I-35 checkpoint. Both times Vedia carried close to $300 in cash and was apprehended close to midnight. And in both incidents the drugs were located in or around the tractor. The only differences between the two cases are that they involved different drugs, marijuana versus cocaine, and in 2001 the drugs were hidden in the sleeper compartment of Vedia's truck whereas in 2007 the drugs were found in a box on the outside of the truck. Vedia argues that this difference between the 2001 and 2007 cases destroys the probative value of the 2001 conviction evidence. However, the fact that every aspect of Vedia's actions, except the precise location and type of drugs, is identical between the 2001 and 2007 cases indicates that the 2001 conviction is indeed probative under Beechum, 528 F.2d at 914-15, and that the district court did not abuse its discretion in finding as much.

Moreover, the district court took measures to limit any possible prejudicial effect of the 2001 conviction by repeatedly admonishing the jury that the 2001 conviction could not be considered as proof of Vedia's guilt and by giving a detailed limiting instruction that the 2001 conviction could only be considered for the limited purpose of determining motive, intent, identity, knowledge, opportunity, plan, preparation, and the absence of mistake or accident. Even assuming that admission of the extrinsic evidence may have posed a risk of undue prejudice, the court's limiting instructions greatly minimized that risk.

See United States v. Nguyen, 504 F.3d 561, 574-75 (5th Cir.2007). Accordingly, the district court did not err in admitting the evidence of Vedia's 2001 conviction.

C. Diaz's Testimony

Vedia argues that the district court erred in permitting Diaz to offer "drug profiling" testimony. Specifically, Vedia complains that Diaz's agreement that "[it is] fair to say that a person driving [the drugs] from Point A to Point B, the driver is going to be the person held responsible for the load" is the functional equivalent of Diaz stating that in his expert opinion Vedia knew that the cocaine was in the box. Because Vedia's counsel failed to preserve this issue by failing to object at trial, this court's inquiry is limited to plain error review, which requires a finding of (1) error; (2) that is plain, which "at a minimum," means "the error is clear under current law," and (3) that affects the substantial rights of the defendant. United States v. Ramirez-Velasquez, 322 F.3d 868, 879 (5th Cir. 2003).

While our circuit precedent indicates that the district court's admission of Diaz's statements might constitute an error that is clear under current law, Vedia cannot demonstrate that the district court committed reversible plain error because Vedia cannot demonstrate that the error affected his substantial rights. In an analogous case, U.S. v. Ramirez-Velasquez, 322 F.3d 868, 879 (5th Cir. 2003), a prior panel of this circuit found admission of statements similar to Diaz's constituted an error that is plain; there the court found error when an agent "made the generalization, albeit not quite directly, that drivers know they are carrying drugs." Id. However, the court in Ramirez found that the error was not reversible under the plain error standard because it did not affect the defendant's substantial rights by impacting the outcome of the case. See id. Similar to Ramirez, in the instant case admission of Agent Diaz's testimony likely constituted error that is plain, but Vedia has not shown that this error affected his substantial rights. See id. (holding that even when a defendant

demonstrates plain error, he still bears "the burden of demonstrating that the error affected his substantial rights, i.e., affected the outcome of the proceedings") (citing United States v. Olano, 507 U.S. 725, 734 (1993)). As discussed supra, even without Agent Diaz's testimony the jury had sufficient evidence to convict Vedia of possession with intent to distribute cocaine. Cf. Gutierrez, 294 F.3d at 663-64 (finding error in admitting drug profiling testimony to be harmless when "the statements made by [the Agent] constituted only a small portion of an otherwise strong case"). Vedia makes no showing that Agent Diaz's brief statements, in light of the collection of other circumstantial evidence of Vedia's knowledge of the cocaine, impacted the outcome of this case. Thus, Vedia has not met his burden of demonstrating that his substantial rights were violated, and accordingly he cannot show plain error sufficient to warrant reversal.

## D. Upward Guidelines Adjustment for Obstruction of Justice

Finally, Vedia alleges that the district court erred in sentencing him because it did not articulate a sufficient factual basis to support a two-level upward guideline adjustment for obstruction of justice. Because counsel for Vedia issued a contemporaneous objection, this court reviews the district court's application of the guidelines de novo. United States v. Juarez-Duarte, 513 F.3d 204 (5th Cir. 2007).

Before applying a sentencing enhancement resulting from a defendant's trial testimony, "a district court must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice, or an attempt to do the same . . . ." United States v. Dunnigan, 507 U.S. 87, 95 (1993). Contrary to Vedia's argument, the district court made such a finding. The district court noted that "in this case, where it's an issue of really the basic element here of knowledge, and he flat out denied having any knowledge, and the jury found otherwise," and that "the defendant

did commit perjury, in particular that he testified that he did not know about the drugs here, that that was material to the case and that the jury found, based on their finding of guilty, that he did in fact have knowledge." Thus, the district court found that Vedia's denial of knowledge was tantamount to obstruction of justice or perjury. In similar situations we have upheld sentencing enhancements based on defendants' untruthfulness regarding material issues at trial, see, e.g., United States v. Creech, 408 F.3d 264, 271 (5th Cir. 2005) (upholding an enhancement based on the district court's finding that "the Defendant did testify falsely with regard to the conspiracy aspect of the case" by claiming that he played no role in the conspiracy); United States v. Morris, 131 F.3d 1136, 1140 (5th Cir.1997) (upholding the district court's application of an enhancement for perjury where the district court had found that the defendant "was untruthful at trial with respect to material matters in this case"), and like in those cases, here we conclude that the district court did not err in applying the upward guideline adjustment based on a finding that Vedia testified falsely.

## Conclusion

Because we find insufficient evidence to support Vedia's conviction for conspiracy, we REVERSE that conviction and REMAND for entry of appropriate judgment and recalculation of monetary penalties. However, finding no reversible error otherwise, we AFFIRM Vedia's conviction and sentence for possession with intent to distribute cocaine.