**UNITED STATES of America,
Plaintiff,**

v.

**John LILLY, Defendant.**

No. 1:98–CR–72.

United States District Court,
W.D. Michigan,
Southern Division.

April 16, 1999.

Christopher P. Yates, Federal Public Defenders, Grand Rapids, MI, for John Lilly, defts.

John F. Salan, Mark V. Courtade, United State Attorney Office, Grand Rapids, MI, for U.S. Attorneys.

## OPINION

QUIST, District Judge.

Defendant, John Lilly, was indicted on one count of distribution of cocaine causing death (Count I), two counts of distribution of cocaine to a person under age 21 (Counts II and IV), one count of distribution of cocaine (Count III), and one count of establishment of a place to distribute and use controlled substances (Count V). The sole issue addressed in this Opinion is Defendant's objection to paragraphs 124 and 125 of the Presentence Investigation Report.[1]

### Analysis

The Presentence Investigation Report indicates that the Court may impose an upward departure under U.S.S.G. § 5K2.1 because relevant conduct of the Defendant caused the death of N.W., a thirteen year old female. (*See* Presentence Investigation Report, ¶¶ 124–25 .) Defendant argues that an upward departure under U.S.S.G. § 5K2.1 is not legally permissible in this case.

### A. Defendant's arguments

Defendant argues that an upward departure is only permissible when there is an aggravating circumstance " 'not adequately taken into consideration by the Sentencing Commission in formulating the guidelines....' " U.S.S.G. § 5K2.0 (*quoting* 18 U.S.C. § 3553(b)). Defendant asserts that the Sentencing Commission considered the situation of a death resulting from a drug offense in U.S.S.G. § 2D1.1(a), which establishes the base offense level for most drug offenses. The guidelines increase the base offense level applicable to a defendant if "the offense of conviction establishes that death or serious bodily injury resulted from the use of the substance." U.S.S.G. § 2D1.1(a)(2). Defendant would have been subject to a higher base offense level

of 38 pursuant to § 2D1.1(a)(2), except for the fact that Count I, distribution of cocaine causing death, is subject to dismissal under a proposed plea agreement between Defendant and the Government, and the remaining offenses of conviction under the indictment do not establish that death resulted from use of the substance.

However, the Court finds that the guidelines do not adequately consider the situation where a death results from conduct related to the offense of conviction. In this situation, the death of the victim is not reflected in the base offense level, adjustments, or criminal history. At least two circuits have affirmed upward departures under § 5K2.1 for a death caused by conduct related to the offense of conviction when the offense of conviction does not itself establish that death resulted from use of the controlled substance. *See United States v. Purchess*, 107 F.3d 1261, 1271 (7th Cir.1997); *United States v. Ihegworo*, 959 F.2d 26, 30 (5th Cir.1992). Other circuits have held that upward departures may be based on related conduct and need not be limited to the offense of conviction. *See United States v. Sanders*, 982 F.2d 4, 10 (1st Cir.1992)(per curiam); *United States v. Shields*, 939 F.2d 780, 782 (9th Cir.1991); *United States v. Kim*, 896 F.2d 678, 684 (2d Cir.1990).

*Ihegworo* involved similar facts to this case, in that the defendant distributed a controlled substance (heroin) that resulted in the death of the victim from an overdose. The Fifth Circuit held that a departure for death under U.S.S.G. § 5K2.1 was appropriate because the death of the victim clearly related to the offense of conviction. *See Ihegworo*, 959 F.2d at 30. In a footnote, the Fifth Circuit noted that the Sentencing Commission's consideration of death from the use of a controlled substance in U.S.S.G. § 2D1.1(a) did not make a departure under § 5K2.1 impermissible, concluding "[t]hat the United States Attor-

---

1. This Opinion does not determine whether the Court will depart upward from the sentencing guideline range. Rather, this opinion only addresses the legal issue of whether an upward departure pursuant to U.S.S.G. § 5K2.1 is legally permissible in this case.

ney's Office determin[ation] that it lacked sufficient evidence to charge Ihegworo with distributing heroin that caused death or serious bodily injury does not require a different result." *Id.* at 30 n. 9 (citation omitted).

The fact that the parties propose that Count I be dismissed pursuant to the plea agreement does not prevent the Court from considering the conduct in Count I. U.S.S.G. § 1B1.4 provides that the sentencing court "may consider, without limitation, any information concerning the background, character, and conduct of the defendant, unless otherwise prohibited by law." U.S.S.G. § 1B1.4; *see also* 18 U.S.C. § 3661. The commentary to § 1B1.4 adds that "Congress intended that no limitation would be placed on the information that a court may consider in imposing an appropriate sentence" and that the sentencing court is not precluded from considering criminal conduct that was not taken into account as the result of a plea agreement.[2] U.S.S.G. § 1B1.4, cmt. (background); *see also United States v. Raimondi,* 159 F.3d 1095, 1103 (7th Cir.1998)(noting that the sentencing court can consider conduct of which the defendant was not charged, conduct of which the defendant was acquitted, or conduct which was not taken into account as the result of a plea agreement).

## B.  Effect of *Jones v. United States*

■ An additional argument, not raised by the Defendant but considered by the Court *sua sponte,* is that the Court should be barred from considering the death of N.W. as a ground for upward departure because the death of the victim is an element of the offense under 21 U.S.C. § 841. A 5–4 majority of the Supreme Court re-

cently held in *Jones v. United States,* —— U.S. ——, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), that under the federal carjacking statute, 18 U.S.C. § 2119, a determination that death or serious bodily injury resulted from the carjacking is an element of the offense that must be tried by a jury and proven beyond a reasonable doubt. *Jones,* —— U.S. at ——, 119 S.Ct. at 1228. The Court held that it was reversible error for the sentencing court in determining the sentence to decide on its own, using a preponderance of the evidence standard, whether death or serious bodily injury resulted from the injury. *See id.*

The Court's opinion included, in a footnote, the broader conclusion that "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." *Id.* at —— n. 6, 119 S.Ct. at 1224 n. 6 (alteration in original). However, the Court hedged by noting that "prior cases suggest rather than establish this principle . . . ." *Id.* More importantly, earlier in the opinion the Court explained that Congress has the power to explicitly treat the determination that death or serious bodily injury occurred as a sentencing factor rather than as an element, and had in fact done so on several occasions, citing 18 U.S.C. § 2262(b)(interstate domestic violence) and 18 U.S.C. § 248(b)(freedom of access to clinic entrances). *See id.* at ——, 119 S.Ct. at 1220–21.

The Supreme Court, resolving a circuit split, recently held that the penalty provisions of 21 U.S.C. § 841(b) are also sentencing factors that the judge may find by

2. However, the Court notes that, even if the Court decides that an upward departure is appropriate pursuant to U.S.S.G. § 5K2.1, the plea agreement still provides benefits to the Defendant for two reasons. First, under the plea agreement, Defendant avoids the statutory sentencing range of twenty years to life under 21 U.S.C. § 841(b)(1)(C). Second, without the plea agreement, Defendant would have a base offense level classification of 38, prior to adjustments, for Count I under U.S.S.G. § 2D1.1(a). This base offense level of 38 is higher than the final adjusted offense level of 34 recommended in the Presentence Investigation Report. (*See* Presentence Investigation Report, ¶ 68.)

a preponderance of the evidence, rather than elements of the offense which must be found by a jury beyond a reasonable doubt. *See Edwards v. United States*, 523 U.S. 511, ——, 118 S.Ct. 1475, 1477–78, 140 L.Ed.2d 703 (1998). The defendant in *Edwards* argued that the determination of whether the conspiracy involved powder cocaine or crack cocaine, which carry substantially different penalties under 21 U.S.C. § 841(b), must be made by the jury. However, the Court disagreed, concluding that the sentencing judge is responsible for determining the type and amount of drugs at issue under § 841(b). *See id.* at ——, 118 S.Ct. at 1477.[3] There is no reason to believe a finding in this case that death resulted from the use of the substance, which would effect the level of punishment under 21 U.S.C. § 841(b), would be treated any differently.

Additionally, the statute at issue in this case, 21 U.S.C. § 841(b)(1)(C), is drafted almost exactly like the statutes cited by the Court in *Jones* as examples of congressional determinations that death or serious bodily injury was a sentencing matter for the judge. Section 841(b), the section addressing the effect of a finding that the use of the substance resulted in death or serious bodily injury, is entitled "penalties" and begins by stating that "any person who violates subsection (a) of this section shall be sentenced as follows...." 21 U.S.C. § 841(b). The sentencing provisions in § 841(b) are entirely separate from the elements of the offense, which are contained entirely in 21 U.S.C. § 841(a). The elements of the offense under 21 U.S.C. § 841(a) make no reference

of death or serious bodily injury. *See* 21 U.S.C. § 841(a). The statutes cited by the Court, 18 U.S.C. § 2261 and 18 U.S.C. § 248, are similarly divided into a subsection (a) which provides the elements of the offense without reference to death or serious bodily injury, and subsection (b), entitled "penalties," which provides the term of imprisonment, increasing the term of imprisonment if death or serious bodily injury to the victim occurs. *See* 18 U.S.C. § 2261(b); 18 U.S.C. § 248(b).

### Conclusion

Therefore, for the reasons stated in this Opinion, the Court concludes that it is not precluded from departing upward for death pursuant to U.S.S.G. § 5K2.1.

---

**3.** The Court based this holding, however, on the fact that the defendant's sentence did not exceed the statutory maximum for the least serious finding the Court could have made, a powder cocaine conspiracy. *See Edwards*, 523 U.S. at ——, 118 S.Ct. at 1477–78 (noting that it "would make a difference if it were possible to argue, say, that the sentences imposed exceeded the maximum that the statutes permit for a cocaine-only conspiracy"). In this case, the least serious finding the Court could make is that the substance did *not* cause death or serious bodily injury. If

the substance was not found to have caused death or serious bodily injury, Defendant would face a statutory maximum sentence of 40 years. *See* 21 U.S.C. § 841(b)(1)(C) (20 year maximum sentence generally); 21 U.S.C. § 859(a) (doubling maximum sentence under 21 U.S.C. § 841(b) if the defendant distributed the substance to a person under 21 years of age). Therefore, the Court can properly consider the death of N.W. in sentencing so long as Defendant's sentence does not exceed the statutory maximum of 40 years.