**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

**No. 98-51084**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**VERSUS**

**LUIS OBED RIOS-QUINTERO,**

**Defendant-Appellant.**

Appeal from the United States District Court
for the Western District of Texas

February 10, 2000

Before REYNALDO G. GARZA, JOLLY, and DeMOSS, Circuit Judges.

DeMOSS, Circuit Judge:

Luis Obed Rios-Quintero appeals his federal criminal convictions on charges that he possessed heroin with the intent to distribute the drug in violation of 21 U.S.C. § 841(a)(1) and that he imported heroin in violation of 21 U.S.C. §§ 952(a) and 960(a)(1). On appeal, Rios-Quintero argues that his convictions must be vacated because the district court treated the relevant quantity of heroin as a sentencing factor, rather than an as essential element of his drug trafficking offenses. The single

issue presented for review is whether, in light of the Supreme Court's recent decision in *Jones v. United States*, 119 S. Ct. 1215 (1999), this Court can or should deviate from existing precedent treating drug quantity as a sentencing factor by holding that drug quantity is an essential element of the offenses defined by §§ 841, 952, and 960.

The impact of *Jones* upon the federal drug offenses defined in §§ 841, 952, and 960 is an important issue of first impression in our Circuit. We are not, however, at liberty to give free-ranging consideration to that issue in this appeal. *Jones* was decided after Rios-Quintero was convicted and sentenced in the district court, but before the briefs were filed in this Court. Given that timing, Rios-Quintero's *Jones*-based argument that drug quantity is an essential element of his offenses that should have been charged in his indictment, submitted to the jury, and proven beyond a reasonable doubt, was not made in the district court. We are therefore constrained to review the error identified by Rios-Quintero for plain error only. *See* *Johnson*, 117 S. Ct. at 1549 (reviewing the district court's failure to submit an essential element of offense to the jury as mandated by the Supreme Court's intervening decision in *United States v. Gaudin*, 115 S. Ct. 2310 (1995) for plain error only). Under that standard, the Court does not grant relief unless there is (1) error, (2) that is plain, and (3) affects the defendant's substantial rights. *See* *United States*

2

*v. Johnson*, 117 S. Ct. 1544, 1549 (1997). Even when those three prerequisites are met, plain error should not be remedied unless the Court determines that the error seriously affects the fairness, integrity or public reputation of judicial proceedings. *See* *id*.

Having concluded our plain error review, we hold that the impact of *Jones* is not sufficiently obvious or clear to permit this panel to deviate from this Circuit's existing precedent characterizing drug quantity as a sentencing factor under §§ 841, 952, and 960. Stated simply, the error identified in this case is not sufficiently plain to merit relief. *See* *Johnson*, 117 S. Ct. at 1549; *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993); *United States v. Leonard*, 157 F.3d 343, 345 (5th Cir. 1998) (error may not be characterized as plain unless it is clear or obvious). Moreover, even if such error were obvious or plain, the circumstances of this case do not even potentially implicate any of the constitutional concerns that gave rise to constitutional doubt in *Jones*. *See* *Jones*, 119 S. Ct. at 1224 n.6 (placing emphasis on fair notice of the charge, an adequately supported finding by the relevant fact finder, and proof beyond a reasonable doubt). For that reason, there is no risk that the error identified in this case will affect the "fairness, integrity or public reputation of judicial proceedings," and relief is not warranted under our plain error standard. *See* *Johnson*, 117 S. Ct. at 1549. We therefore affirm.

3

## BACKGROUND

Rios-Quintero was arrested at the Paso Del Norte Port of Entry after more than one kilogram of heroin was found stitched into the lining of clothing he was transporting as a passenger in a taxi entering Texas from Mexico. Rios-Quintero was subsequently charged in a two count indictment alleging in count 1 that he imported an unspecified "quantity" of heroin, in violation of 21 U.S.C. §§ 952(a) and 960(a)(1), and alleging in count 2 that he possessed an unspecified "quantity" of heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The government filed a Notice of Enhanced Penalty with the indictment, stating its intent to seek enhanced penalties because Rios-Quintero possessed more than one kilogram of heroin.

At trial, Rios-Quintero's defense was that he did not know there was heroin stitched into the clothes he was carrying. Specifically, Rios-Quintero claimed that he was carrying the clothes, which contained heroin valued between $800,000 and $900,000, to New York City for a stranger he met in a bar in Mexico City.

Rios-Quintero did not dispute the quantity of heroin found. Indeed, his attorney conceded the quantity of heroin at issue in argument to the jury. Moreover, Rios-Quintero signed a joint stipulation providing that more than one kilogram of heroin was

4

recovered from the clothes in his suitcase. That stipulation was read to the jury at trial and then entered into the record as one of the few exhibits submitted to the jury. The jury was instructed on the statutory language as contained in §§ 841(a), 952(a), and 960(a), without reference to the quantity of heroin or the quantity-based penalties provided in §§ 841(b) and 960(b). Rios-Quintero did not object to the jury charge, and the jury eventually convicted Rios-Quintero on both counts.

Rios-Quintero was sentenced on the basis of the ten year to life range required by §§ 841(b)(1)(A) and 960(b)(1)(A) for offenses involving at least one kilogram of heroin. Rios-Quintero's guideline range, based upon the same quantity, was 121-151 months.[1] The district court responded to Rios-Quintero's plea for leniency within the range by sentencing Rios-Quintero to two 121 month concurrent sentences, to be followed by five years of supervised release. Rios-Quintero did not object to the quantity determination of more than one kilogram, as listed in the presentence report and used for sentencing. Rios-Quintero thereafter filed a timely notice of appeal from his conviction and sentence.

## DISCUSSION

---

[1] The presentence report used an offense level of 32 and a criminal history category of I.

Rios-Quintero maintains that his drug convictions must be vacated because drug quantity is an essential element of his offenses, which was not charged in the indictment, submitted to the jury for decision, or proven beyond a reasonable doubt. Rios-Quintero premises his argument upon a broad reading of the Supreme Court's recent decision in *Jones V. United States*, 119 S. Ct. 1215 (1999), in which the Supreme Court held that constitutional doubt about certain provisions of the federal car-jacking statute, 18 U.S.C. § 2119, required that the provisions be construed as creating three separate offenses rather than one offense subject to three separate punishments. *Id*. at 1228. In reaching that holding, the *Jones* Court stated the relevant constitutional principle at issue as follows:

> [U]nder the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt.

*Id*. at 1224 n.6. Drug quantity clearly increases both the minimum and maximum statutory penalties defined by §§ 841(b) and 960(b). Thus, Rios-Quintero argues that *Jones* sets forth a new rule requiring that drug quantity be charged in his indictment, submitted to his jury, and proven beyond a reasonable doubt.

The government interprets *Jones* quite narrowly, responding

6

that *Jones* merely addressed the parameters of an unresolved constitutional issue, rather than announcing any new constitutional rule which Rios-Quintero would be entitled to take advantage of in this appeal. Indeed, the government maintains that no constitutional lessons may be drawn from *Jones* at all, offering a number of superficially persuasive quotes from the case. *See Jones*, 119 S. Ct. at 1228 n.11 ("our decision today does not announce any new principle of constitutional law, but merely interprets a particular federal statute in light of a set of constitutional concerns that have emerged through a series of our decisions for the past quarter century"). In a related argument, the government maintains that the relevant language in *Jones* is dicta because the case was premised upon the doctrine of constitutional doubt, not certainty, and therefore did not actually resolve the thorny issues of constitutional law presented therein. *See id*. at 1224 n.6 ("Because our prior cases suggest rather than establish this principle, our concern about the Government's reading of the statute rises only to the level of doubt, not certainty."); *id*. at 1226 (diminution of the jury's significance raises genuine Sixth Amendment concerns that remain unresolved). The government reinvents the same argument a third time to argue that any lessons to be drawn from *Jones* must be applied only to the car-jacking statute and no other. Given these fundamental limitations on the holding in *Jones*, the government responds that

7

the effect of *Jones* is neither clear nor obvious enough to support a determination of plain error in this case.

## II.

Prior to *Jones*, this Court routinely held that drug quantity is a sentencing factor that need not be included in the indictment, submitted to the jury, or proven beyond a reasonable doubt. *See*, *e.g.*, *United States v. Hare*, 150 F.3d 419, 428 n.2 (5th Cir. 1998); *United States v. Cisneros*, 112 F.3d 1272, 1282 (5th Cir. 1997); *United States v. Ruiz*, 43 F.3d 985, 989 (5th Cir. 1995); *United States v. Montes*, 976 F.2d 235 (5th Cir. 1982); *United States v. Royal*, 972 F.2d 643, 650 (5th Cir. 1990); *United States v. Brown*, 887 F.2d 537, 540 (5th Cir. 1989). At least some of the reasoning used to reject constitutional challenges to §§ 841, 952, or 960 in those cases is consistent with and therefore probably remains viable after the constitutional doubt analysis applied in *Jones.* *See*, *e.g.*, *United States v. Morgan*, 835 F.2d 79, 81 (5th Cir. 1987) (citing legislative history for proposition that Congress did not intend for quantity to be an element with respect to § 841 offenses). Indeed, several of our sister Circuits have relied upon the continuing viability of pre-*Jones* precedent to hold that *Jones* either will not support a finding of plain error or will not support a finding of error at all when the defendant's argument is that drug quantity is an essential elements of conviction under

8

§§ 841, 952, and 960 that should have been charged in the indictment and submitted as an essential element to the jury. *See United States v. Hester*,__ F.3d __, 2000 WL 11751 (11th Cir. Jan. 7, 2000) (reaffirming pre-*Jones* precedent that drug quantity is a sentencing factor under § 841); *United States v. Jones*, 194 F.3d 1178, 1185-86 (10th Cir. 1999) (concluding that *Jones*' application to § 841 is insufficiently clear to permit an abandonment of pre-*Jones* precedent holding that quantity is a sentencing factor under § 841); *United States v. Williams*, 194 F.3d 100, 105-07 (D.C. Cir. 1999) (same); *United States v. Talley*, No. 99-4146, 1999 WL 1054151 *2 (4th Cir. Nov. 22, 1999) (unpublished) (absence of authority applying *Jones* to § 841 negates premise that error arising from failure to submit quantity as an essential element was plain error); *see also United States v. Bennett*, 60 F.Supp.2d 1318 (N.D. Ga. 1999) (denying defendant's motion to dismiss the indictment for failure to allege drug quantity with respect to §§ 841 and 846 offenses); *United States v. Magana*, No. 98-C-1846, 1999 WL 691854 (N.D. Ill. Aug. 26, 1999) (unpublished) (denying § 2255 relief sought on the basis, inter alia, that drug quantity is an essential element of the federal drug offense defined in § 841).

Our Court has not yet examined the effect of *Jones* on the federal drug offenses defined by 21 U.S.C. §§ 841, 952, and 960. The Court has, however, applied *Jones* to arguments involving different statutory provisions. *See Bledsue v. Johnson*, 188 F.3d

9

250 (5th Cir. 1999) (reading *Jones* broadly in dicta, but eventually denying state habeas relief because the phrase "adulterants and dilutants" was not an essential element under the state drug statute at issue); *United States v. Nunez*, 180 F.3d 227 (5th Cir. 1999) (reading *Jones* broadly and holding that the constitutional doubt underpinning *Jones* requires that 18 U.S.C. § 111(a), which defines a substantive offense, and § 111(b) which provides for an "[e]nhanced penalty," be construed as setting forth two different federal offenses); *United States v. Castillo*, 179 F.3d 321 (5th Cir. 1999) (examining the structure of 18 U.S.C. § 924(c) and concluding that "the type of weapon used or carried is a sentencing enhancement, and not an element" of the offense), *cert. granted*, 120 S. Ct. 865 (2000); *United States v. Matthews*, 178 F.3d 295 (5th Cir. 1999) (relying upon legislative history for the proposition that Congress clearly intended for the enhanced penalty provided in the applicable version of 18 U.S.C. § 521(b) and (d) to be a sentencing enhancement provision rather than a separate federal offense or essential element of a defined offense), *cert. denied*, 120 S. Ct. 359 (1999); *see also* *Texas Office of Public Utility Counsel v. F.C.C.*, 183 F.3d 393 (5th Cir. 1999) (citing *Jones* for constitutional doubt doctrine in civil case), *pet. for cert. filed*, (U.S. Dec. 23, 1999) (No. 99-1072). These cases provide some insight into how broadly various panels of our Court have been willing to construe *Jones*.

10

Clearly, this Court's precedent does not limit *Jones* to the car-jacking statute. In *Nunez*, the Court indicated its willingness to derive broad constitutional lessons from *Jones* by stating that "*Jones* teaches us to avoid encroaching on a defendant's Fifth Amendment rights by construing statutes setting out separate punishments as creating separate, independent criminal offenses rather than a single criminal offense with different punishments." *Nunez*, 180 F.3d at 233. In *Bledsue,* the one post-*Jones* Fifth Circuit case involving a drug offense, the Court eventually denied state habeas relief sought on the premise that the phrase "adulterants and dilutants" was an essential element of the offense. In broadly written dicta, however, the Court relied upon *Jones* for the proposition that:

> [T]he state would violate Bledsue's Sixth Amendment jury trial rights if it proved that he possessed less than 28 grams, then convinced the court to impose a heavier sentence based on a non-jury finding that he possessed more than 28 grams. In other words, because the *amount* of the controlled substance possessed determines the severity of the punishment, the *amount* possessed is a jury question and an essential element under *Jones* and *Jackson [v. Johnson*, 150 F.3d 520 (5th Cir. 1998), *cert. denied*, 119 S. Ct. 1339 (1999)].

*Bledsue*, 1999 WL 675097 at *9 (emphasis added). If accepted without qualification, the *Bledsue* dicta can be cited for the proposition that drug quantity is an essential element in the statutes at issue here. At a minimum, *Bledsue*, particularly when paired with *Nunez*, demonstrates that the government's attempt to

11

narrowly limit *Jones* to the factual confines of that case must be rejected.

Nonetheless, and without regard to how these difficult constitutional issues may ultimately be resolved in a case in which error was preserved, we cannot conclude that the Supreme Court's identification of unresolved constitutional issues in *Jones* is sufficiently plain or obvious with respect to its application to the federal drug trafficking statutes to permit a finding of remediable plain error in this case. Even if we were to conclude that *Jones* gives rise to "grave doubt" about the constitutionality of treating drug quantity as a sentencing factor, *see* *Jones*, 119 S. Ct. at 1222, such doubt would not support a determination of obvious or conspicuous error. *Jones* is simply too thin a reed upon which to hang a wholesale abandonment of this Court's pre-*Jones* precedent in this case.

Of equal importance, *Jones* identified the constitutional guarantees implicated when an essential element of an offense is impermissibly treated as a sentencing factor. The *Jones* Court placed an emphasis on (1) fair notice of the charge, (2) submission to and a finding by the relevant fact finder, and (3) proof beyond a reasonable doubt. *See* *Jones*, 119 S. Ct. at 1224 n.6. None of those guarantees are implicated in this case. While the relevant drug quantity was not charged in Rios-Quintero's indictment, the indictment was filed with a Notice of Enhancement that listed the

12

relevant drug quantity. Therefore, Rios-Quintero was provided notice that the government intended to seek a penalty commensurate with his possession and importation of more than one kilogram of heroin.

In addition, Rios-Quintero stipulated that the offense involved more than one kilogram of heroin and that evidence was submitted to the jury. Rios-Quintero's attorney conceded the relevant quantity in argument before the jury. Thus, the issue of quantity was undisputed. The undisputed and well-documented quantity of heroin at issue, when combined with Rios-Quintero's stipulation and his concession at trial before the jury, is adequate to support the proposition that the government met its burden of proving quantity, without regard to which standard of proof is applied. Similarly, the record evidence unequivocally supports an affirmative jury finding on the issue of quantity. In sum, Rios-Quintero cannot argue that he was prejudiced by the government's failure to submit an issue that was both uncontested and conclusively established. *See* **Johnson**, 117 S. Ct. at 1550 (failure to submit essential element of offense to jury amounted to plain error, but did not justify relief because the issue was both uncontroverted and conclusively established at trial). None of the constitutional guarantees identified by the Supreme Court in **Jones** are implicated in this case. For that reason, the error identified

in this case does not affect the "fairness, integrity or public reputation of judicial proceedings," and relief is not warranted under our plain error standard.

We hold only that *Jones* does not support a determination of plain error in this case. We are not presented with and do not decide the more complex issue of whether the Supreme Court's decision in *Jones*, that there are grave doubts about the constitutionality of statutory language defining facts that increase the maximum penalty as sentencing factors rather than essential elements, should have any affect upon our pre-*Jones* precedent construing 21 U.S.C. §§ 841, 952, and 960. Such a contention would require a defendant's inclusion of fair notice arguments in a motion to quash an indictment that does not list quantity, and a defendant's objection at trial that quantity is an essential element of conviction under these statutes. But such contentions will certainly need to be presented to and preserved in the district court before it may be properly considered by this Court on appeal.

## CONCLUSION

The district court is AFFIRMED.