IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50692
(Summary Calendar)
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

LAMONT E. KEITH,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
(98-CR-81-ALL-HG)
--------------------
March 9, 2000

Before POLITZ, HIGGINBOTHAM, and WIENER, Circuit Judges.

PER CURIAM:[*]

Lamont E. Keith appeals his conviction by a jury for possession of cocaine base (crack) with intent to distribute. Keith first argues that the evidence was insufficient to support a finding that he knew of the presence of crack cocaine in the gearshift well of the vehicle he was driving when he was arrested. At the time he was stopped, Keith exited his vehicle immediately and acted in a nervous manner; he was in possession of large amounts of cash; he paid for the vehicle in cash and placed it in his girlfriend's name, but he exercised significant control over

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the vehicle; he asked the car dealer to say the vehicle belonged to his girlfriend shortly before the dealer was to testify before a grand jury; and he attempted to hide when law officers came to his home.  Viewing the evidence in the light most favorable to the verdict, we conclude that a reasonable trier of fact could have found that Keith exhibited guilty knowledge.  See United States v. Ortega Reyna, 148 F.3d 540, 543 (5th Cir. 1998).

We also reject Keith's contention that the district court erred in failing to give a jury instruction that nervousness alone is not sufficient to prove guilty knowledge.  We review a district court's refusal to give a requested instruction for abuse of discretion.  See United States v. Pennington, 20 F.3d 593, 600 (5th Cir. 1994).  Nervousness was only one factor among several presented by the government, and Keith was able to present arguments to the jury as to why nervousness should not be considered indicative of guilt.  Thus, the requested instruction did not go to an important issue at trial, so failure to give it did not seriously impair Keith's ability to present his defense. See id.

Finally, Keith argues that pursuant to Jones v. United States, -- U.S. --,  119 S. Ct. 1215, 1228 (1999), drug quantity is an element of the offense with which he was charged, so it must be alleged in the indictment and proved beyond a reasonable doubt. As Keith did not raise this issue at the district court level, our review is limited to the plain error standard.  United States v. Rios-Quintero, -- F.3d --, 2000 WL 146319 at *1 (5th Cir. Feb. 10,

2

2000).  As we held in <u>Rios-Quintero</u>, a <u>Jones</u> error does not rise to the level of plain error.  <u>Id.</u> at *5.

AFFIRMED.