IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40559
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAVIER MOTINA[1]-GARCIA, also known as
Javier Molina-Garcia,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-00-CR-32-1
- - - - - - - - - -
February 15, 2001

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[**]

Javier Motino-Garcia appeals his sentence following his guilty-plea conviction for illegal reentry following deportation in violation of 8 U.S.C. § 1326(a) and (b). Motino argues that a prior felony conviction is an element of the offense rather than a sentencing factor and that it must be alleged in the indictment. Motino acknowledges that his argument is foreclosed

_____

[1] Although appellant's name is spelled with an "a" (Motina) throughout the record, he stated at the guilty plea hearing that the correct spelling is Motino.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), but he seeks to preserve the issue for possible Supreme Court review in the light of <u>Apprendi v. New Jersey</u>, 120 S.Ct. 2348 (2000). <u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>. See <u>Apprendi</u>, 120 S.Ct. at 2361-62 & n.15; <u>see also</u> <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000), <u>petition for cert. filed</u>, (U.S. Jan. 26, 2001)(No. 00-8299).  This argument is therefore foreclosed.

Motino also argues that if <u>Almendarez-Torres</u> remains good law after <u>Apprendi</u>, his sentence still must be vacated because the indictment failed to allege that his prior conviction occurred before his last deportation, as opposed to occurring prior to being "found" by the INS.  Motino cites no case law in support of this argument, and he admits that he failed to raise the issue in the district court.  Motino cannot show plain error as a result of the language in the indictment.  See <u>United States v. Meshack</u>, 225 F.3d 556, 575 (5th Cir. 2000), <u>cert. denied</u>, 121 S. Ct. 834 (2001); <u>United States v. Rios-Quintero</u>, 204 F.3d 214, 215 (5th Cir.), <u>cert. denied</u>, 121 S. Ct. 301 (2000).

AFFIRMED.