# UNITED STATES COURT OF APPEALS
## FIFTH CIRCUIT

_____

No. 99-50669
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

HUGH VON MESHACK; LAWAYNE THOMAS;
LINDA PARKER; TERRANCE IAN HODGES,
also known as Guda;

Defendants - Appellants.

Appeal from the United States District Court
For the Western District of Texas, Waco

March 7, 2001

## ON PETITION FOR REHEARING

(Opinion, August 28, 2000, 5 Cir. 2000, ___F.3d___)

Before JOLLY, HIGGINBOTHAM, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:

IT IS ORDERED that the petition for panel rehearing is GRANTED in part: We STRIKE

footnote 20 in our previous opinion and replace it with the following:

On remand, the district court must resentence Meshack pursuant to 21 U.S.C. §

841(b)(1)(C). Due to his prior convictions, Meshack may be resentenced to a maximum of 30 years.

We also STRIKE the following text in Section III: "*See United States v. Rios-Quintero*, 204 F.3d 214, 215 (5th Cir. 2000) (reviewing for plain error even though the case the defendants relied upon was not decided at the time of trial)." We substitute in its place: "*See United States v. Johnson*, 520 U.S. 461, 467, 117 S.Ct. 1544, 1549, 137 L.Ed.2d 718 (1997) (reviewing for plain error even though the case on which the defendants relied had not been decided at the time of trial)."

Finally, we STRIKE the text in Section III A beginning with "We decline to exercise our discretion in this manner here because Hodges can show no meaningful benefit . . ." and ending with "Thus, we find there was no plain error in Hodges's sentence for marijuana possession." In its place we insert the following:

> We decline to exercise our discretion in this manner here because Hodges can show no meaningful benefit he would receive from vacating this sentence.[19] *Cf. United States v. Williams*, 183 F.3d 458, 464 (5th Cir. 1999) ("[L]eaving Williamson incarcerated for 30 years when he should have been sentenced to no more than 15 under existing precedent, especially when we gave the benefit of the legal rule to others appealing their convictions during that time, seriously would affect the fairness, integrity and public reputation of judicial proceedings by undermining the rule of law"). He will not serve less time as a result of resentencing on this count. Moreover, he has not asserted that our decision not to correct the sentence will have collateral consequences. Thus, we find there was no plain error in Hodges's sentence for marijuana possession.
>
> _____
> [19]   Hodges cannot show that correcting the error would invalidate one of the convictions against him, as the conceded error does not call Hodges's conviction into question.

In all other respects, the petition for panel rehearing is DENIED.

ENTERED FOR THE COURT:

_____
EMILIO M. GARZA
UNITED STATES CIRCUIT JUDGE