IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20305
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

SAUL OYOQUE-GONZALEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-639
--------------------
February 11, 2002
Before DeMOSS, PARKER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Court-appointed counsel for Saul Oyoque-Gonzalez, has requested leave to withdraw as counsel and has filed a brief as required by Anders v. California, 386 U.S. 738 (1967). Oyoque-Gonzalez filed a response advancing three issues, and a request to proceed pro se on appeal. First, he argues that the district court erred in treating his deferred adjudication as a felony conviction. This court rejected such an argument in Valdez v. Valdez, 143 F.3d 196, 197 (5th Cir. 1998). Second, he maintains his counsel was ineffective for failing to raise an alleged

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Apprendi v. New Jersey, 530 U.S. 466 (2000), argument.

Generally, this court declines to review ineffective assistance of counsel claims on direct appeal unless they are sufficiently alleged in the record below.  United States v. Gibson, 55 F.3d 173, 179 (5th Cir. 1995).  In Gonzalez's case, no claims of ineffective assistance exist in the record.  In any event, this argument fails, because the district court sentenced Gonzalez well within the guideline range.  Finally, Gonzalez relies on United States v. Rodriguez-Montelongo, 263 F.3d 429, 431 (5th Cir. 2001), decided after his trial, for the proposition that he should be allowed to argue for downward departure on the basis of cultural assimilation.  Because he raised this issue for the first time on appeal, we review this argument under a plain error standard.  United States v. Rios-Quinteros, 204 F.3d 214, 215 (5th Cir. 2000)(reviewing for plain error even though case on which defendant relies was decided after trial).  Our independent review of his letter-response and the PSR fail to demonstrate facts to overcome the plain error standard.

A review of the guilty plea and sentencing discloses no nonfrivolous issue.  Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities, and the appeal is DISMISSED.  Gonzalez's motion to proceed pro se on appeal is DENIED.  See United States v. Wagner, 158 F.3d 901, 902-03 (5th Cir. 1998).