**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 25, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

-----------

No. 03-20604
Summary Calendar

-----------

UNITED STATES OF AMERICA,

                                                              Plaintiff-
                                     Appellee,

                         versus

MIGUEL ANGEL DELEON ESCOBAR,

                                                              Defendant-
                                     Appellant.

----------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-69-B
----------------------------------------------------------------

Before SMITH, DeMOSS AND STEWART, Circuit Judges.

PER CURIAM:[*]

        Miguel Angel Deleon Escobar was sentenced to concurrent terms of sixty months of

imprisonment and three years of supervised release following entry of his guilty plea to one count of

money laundering and one count of conspiracy to commit money laundering. Escobar appeals his

sentence. He asserts that the district court erroneously increased his base offense level by applying

the specific offense characteristics of U.S.S.G. § 2S1.1. He contends that his underlying offense was

---

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

aiding and abetting a drug transaction and that only the specific offense characteristics of U.S.S.G. § 2D1.1 applied to his case.

Review of Escobar's argument is for plain error only. See United States v. Rios-Quintero, 204 F.3d 214, 215 (5th Cir. 2000). Escobar must show "(1) an error; (2) that is clear or plain; (3) that affects [his] substantial rights; and (4) that seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Vasquez, 216 F.3d 456, 459 (5th Cir. 2000).

Escobar does not dispute that the Chapter Two Sentencing Guideline section applicable to his conviction under 18 U.S.C. § 1956 is U.S.S.G. § 2S1.1 and that U.S.S.G. § 2D1.1 also applied to his case because the underlying offense was aiding and abetting a drug transaction. See Appendix A; U.S.S.G. §§ 1B1.1, 1B1.2(a). Once the applicable guideline section from Chapter Two has been determined, the court is directed "to determine any applicable specific offense characteristics (under that guideline)." U.S.S.G. § 1B1.2, comment. (n.2.).

Amendment 634 explains that U.S.S.G. § 2S1.1 was amended to ensure that money launderers receive an offense level that is "one to four levels greater than the Chapter Two offense level for the underlying offense." Amendment 634, Appendix C, Vol. II. The "one to four" additional levels are derived from the U.S.S.G. § 2S1.1(b) specific offense characteristics. See, e.g., United States v. Frank, 354 F.3d 910, 927-28 (8th Cir. 2004) (applying specific offense characteristic for money-laundering guideline, U.S.S.G. § 2S1.1(b)(2)(B), in addition to specific offense characteristic for underlying offense of fraud).

Escobar has not shown that the district court's determination of his offense level was error, plain or otherwise. Accordingly, the judgment of the district court is AFFIRMED.