**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 5, 2009

Charles R. Fulbruge III
Clerk

No. 08-20153
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CRESENCIO GONZALEZ, JR., also known as Chris, also known as Chencho,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-28-3

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Cresencio Gonzalez, Jr. appeals his guilty plea conviction for conspiracy to launder monetary instruments. He asserts, based on the intervening decision in *United States v. Santos*, 128 S. Ct. 2020 (2008), that (1) there is an insufficient factual basis to support his guilty plea, (2) the district court erred in its FED. R. CRIM. P. 11 admonishments, and (3) his plea was not knowingly and voluntarily entered. Gonzalez contends that *Santos* held

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that "proceeds" under the money laundering statute means "profits," insisting that the district court should have advised him of this definition at rearraignment, that there is a reasonable probability that he would not have pleaded guilty had he been properly admonished, and that this rendered his guilty plea unknowing and involuntary. Gonzalez also contends that the factual basis was insufficient to support his guilty plea because it did not establish that the drug proceeds involved were profits.

We review a claim raised for the first time on appeal for plain error, even when the claim is based on an intervening Supreme Court decision. *United States v. Rios-Quintero*, 204 F.3d 214, 215 (5th Cir. 2000). To establish plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). Whether the error is plain is based on the law at the time of the appeal. *Johnson v. United States*, 520 U.S. 461, 468 (1997). If the appellant meets the first three prongs under *Puckett*, we have the discretion to correct the error, but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Puckett*, 129 S. Ct. at 1429.

The law governing the definition of proceeds under 18 U.S.C. § 1956 remains unclear after *Santos*. *See United States v. Brown*, 553 F.3d 768, 783, 785 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 2812 (2009). In light of this fact, and given the disagreement in the decision over the comment in Justice Stevens's concurrence that gross revenues constitute proceeds under the statute when the sale of contraband is involved, any error by the district court is not clear or obvious. *See United States v. Fernandez*, 559 F.3d 303, 316 (5th Cir.), *petition for cert. filed* (U.S. June 9, 2009) (No. 08-1517). Accordingly, Gonzalez has not established plain error.

AFFIRMED.